stances of murder committed during the perpetration of a felony (criminal trespass), 42 Pa.C.S. § 9711(d)(6), and at the time of the killing, appellant was subject to a court order restricting his behavior towards the victim, 42 Pa.C.S. § 9711(d)(18). Accordingly, we will not disturb the sentence of death.

For these reasons, appellant's judgment of sentence is affirmed.[11]

Justices SAYLOR, EAKIN, BAER, TODD, McCAFFERY and ORIE MELVIN join the opinion.

## *ORDER*

PER CURIAM.

AND NOW, this 21st day of February, 2012, the Order of the Commonwealth Court is **AFFIRMED**.

---

**ALL STAFFING, INC., Appellee**

v.

**COMMONWEALTH of Pennsylvania, Appellant.**

Supreme Court of Pennsylvania.

Feb. 21, 2012.

**INDEPENDENT STATE STORE UNION and David Wanamaker, Individually and as Vice–President and Member of the Independent State Store Union, Appellants**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Patrick J. Stapleton III, Chairman of Pennsylvania Liquor Control Board, Thomas F. Goldsmith, Board Member of Pennsylvania Liquor Control Board, and Robert S. Marcus, Board Member of Pennsylvania Liquor Control Board, Appellees**

**Simple Brands, LLC, Intervenor.**

Supreme Court of Pennsylvania.

Feb. 21, 2012.

---

11. The Prothonotary of the Supreme Court is directed to transmit a complete record of this case to the Governor in accordance with 42 Pa.C.S. § 9711(i).

## ORDER

PER CURIAM.

**AND NOW,** this 21st day of February, 2012, the Order of the Commonwealth Court is hereby **AFFIRMED.**

COMMONWEALTH of Pennsylvania,
Appellee

v.

John LYNCH, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

John Lynch, Appellant

Commonwealth of Pennsylvania,
Appellee

v.

John Lynch, Appellant.

Supreme Court of Pennsylvania.

Argued March 9, 2011.

Decided Feb. 21, 2012.

Richard Hans Maurer, Maurer Song, for John Lynch.

Hugh H. Burns, Jr., Karen Brancheau Jordan, Philadelphia, Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

## ORDER

PER CURIAM.

The appeal is dismissed as having been **IMPROVIDENTLY GRANTED.**

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

I agree with Appellant's position that the plain language of the version of Section 5553(e) applicable to his case should be enforced: "No proceedings shall be held or action taken pursuant to a summary offense under Title 75 subsequent to two years after the commission of the offense." 42 Pa.C.S. § 5553(e) (superseded). In my view, the judicially-created tolling practice that has evolved in the trial and intermediate courts conflicts with the plain language and purposes of the statute and should be disapproved by this Court. *Accord* 42 Pa. C.S. § 5554 (excepting the offenses identified in Section 5553(e) from the statutory tolling provisions).